IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-1998

COLORADO STATE SHOOTING
ASSOCIATION, TREVOR ALLEY, and
DANIEL FENLASON

    Plaintiffs

v.

JARED POLIS, Colorado Governor, in his
official capacity

    Defendant.

## COMPLAINT

Plaintiffs, Colorado State Shooting Association ("CSSA"), Trevor Alley ("Mr. Alley"), and Daniel Fenlason ("Mr. Fenlason") by and through their attorney, Kristine L. Brown, hereby brings this action against Defendant Colorado Governor Jared Polis ("Polis"), in his official capacity and makes the following allegations.

### INTRODUCTION

1. On April 27, 2023, Governor Jared Polis signed Senate Bill 23-169 ("SB23-169") which had been passed by the Colorado General Assembly. The law, which prohibits individuals

over the age of 18 but under the age of 21 from buying any type of firearm became effective today, on August 7, 2023.

2. Because SB23-169 is a blanket prohibition banning adults of a specific age from purchasing a firearm – which they are constitutionally entitled to have under the Second Amendment to the United States Constitution – it is clearly unconstitutional under the Second and Fourteenth Amendments as well as under the newly solidified precedent of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

3. SB23-169 recognizes that there is a need for some 18-20-year-olds to purchase a firearm, as it makes exceptions for those in military and law enforcement jobs. However, recognizing the need to have a firearm for a job and yet simultaneously rejecting the need to have a firearm for self-defense or other constitutional purposes flies in the face of the original intent of the Second Amendment.

4. On April 28, 2023, Governor Jared Polis signed House Bill 23-1219 ("HB23-1219") which had been passed by the Colorado General Assembly. The law will take effect on October 1, 2023, and makes it illegal for a person purchasing a firearm to receive that firearm until at least three days have passed, even if a clean background check is returned immediately.

5. HB23-1219 has one exception: for the sale of a firearm by a deploying member of the armed forces to a family member or person with whom he or she shares a "significant personal bond that is or is like a family relationship."

6. Because HB23-1219 prevents law-abiding adults from keeping and bearing arms in a timely manner and for constitutional purposes, it is unconstitutional under the Second and Fourteenth Amendments.

**JURISDICTION AND VENUE**

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because Plaintiffs' claims arise under the Constitution of the United States of America, thus raising federal questions.

8. This Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 because this action seeks redress for the deprivation of constitutionally protected rights by those acting under color of state law.

9. This Court has jurisdiction to grant the declaratory and injunctive relief sought, pursuant to 18 U.S.C. § 2201, 18 U.S.C. § 2202, and by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Court.

10. This Court has jurisdiction over Plaintiffs' claims for attorneys' fees pursuant to 42 U.S.C. § 1988.

11. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the Defendant resides in this district and because all events or omissions giving rise to Plaintiffs' claims occurred in this district.

**PARTIES**

12. Plaintiff Colorado State Shooting Association is the official state association of the National Rifle Association. CSSA and its leadership and members are focused on issues of statewide concern that involve the Second Amendment to the United States Constitution.

13. In 2003, CSSA led the charge in passing legislation that pre-empts many local and municipal gun control laws, and its members played a major role in passing meaningful uniform concealed handgun permit legislation in 2003, making Colorado the 33rd "shall-issue" state.

CSSA is the chief Colorado state pro-gun lobbying force at the capitol. Since 1999, CSSA has been instrumental in defeating numerous anti-gun bills introduced at the General Assembly and has worked to get pro-gun legislation like modifying the law pertaining to carrying firearms in your vehicle and pre-empting Denver's "stop and confiscate" ordinance in 2000.

14. As a membership organization, CSSA represents the interests of its members and other Coloradans who are negatively affected by any unconstitutional taking of their Second Amendment rights and any bans on practical self-defense, defense of homes, and defense of others.

15. CSSA provides funding and support for all shooting sports statewide, including women and juniors. Support comes in the form of sponsoring shooting teams and events, recruiting commercial sponsors, coordinating volunteers to work matches and providing and/or identifying instructors and services, to name a few.

16. CSSA's essential work with 18-20-year-olds will be hampered and affected negatively by SB23-169 as those specific persons are banned from purchasing firearms under the law, and its essential work with all members will be negatively affected by HB23-1219 as it makes it more difficult for Coloradans to purchase, use, or keep arms in a timely manner.

17. CSSA has seven members who are domestic abuse survivors who have a direct interest in and a right to defend themselves with a firearm under the Second Amendment. These members have standing to sue in their own right. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009).

18. CSSA brings this lawsuit on behalf of its abuse survivor members as those members have been specifically identified, but also need to remain anonymous due to safety and health concerns with being named publicly.

19. Plaintiff Trevor Alley is a natural person, over the age of 18 but under the age of 21, and he is a law-abiding citizen of both Colorado and the United States.

20. Mr. Alley attends college and works overnight shifts. His neighbors, who live in the house next door to him, were attacked by a drive-by-shooting. There are other safety and crime concerns in his neighborhood.

21. Mr. Alley desires to lawfully purchase a firearm for constitutional purposes, including self-defense, but is now barred from doing so by SB23-169, based solely on his age and occupation.

22. Plaintiff Daniel Fenlason is a natural person, over the age of 21, and he is a law-abiding citizen of both Colorado and the United States.

23. Mr. Fenlason is the Executive Director of CSSA.

24. Mr. Fenlason desires to lawfully purchase additional firearms in the future for constitutional purposes, but he will be barred from doing so without an unconstitutional waiting period by HB23-1219.

25. Mr. Fenlason is a school shooting survivor.

26. Defendant Jared Polis, is the Colorado Governor and this action is brought against him in his official capacity.

## GENERAL ALLEGATIONS

### The Second Amendment

27. The Second Amendment lays out a fundamental, plain constitutional right: "The right of the people to keep and bear arms shall not be infringed." U.S. CONST. amend. II.

28. The Second Amendment applies to the states through the Fourteenth Amendment. *See McDonald v. City of Chicago*, 561 U.S. 742 (2010).

29. *Bruen* made the standard for firearm regulations clear: "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Id.*, 142 S. Ct. at 2129-30 (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 n. 10 (1961).

30. The Second Amendment protects the right to have a firearm in one's home and to have a firearm for "the inherent right of self-defense," calling it "the natural right of resistance and self-preservation." *District of Columbia v. Heller*, 554 U.S. 570, 594, 628 (2008).

31. As Justice Alito wrote in his *Bruen* concurrence: "Although *Heller* concerned the possession of a handgun in the home, the key point that we decided was that 'the people,' not just members of the 'militia,' have the right to use a firearm to defend themselves." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2157 (2022).

32. In today's terms, "members of the 'militia'" means members of the military.

33. *Firearms Policy Coalition, Inc. v. McCraw*, 623 F. Supp. 3d 740, 748 (N.D. Tex. Aug. 25, 2022) ruled that 18-to-20 year olds are included in "the people" who have rights under the Second Amendment.

34. No federal case has ever applied Second Amendment rights solely to those persons who work in the military or law enforcement.

35. Both SB23-169 and HB23-1219 have exceptions that only apply to military or law enforcement members.

**SB23-169**

36. Mr. Alley and other members represented by CSSA desire to purchase firearms for purposes in keeping with the law, including defending themselves, their homes, and others around them.

37. Mr. Alley lives in an area that is directly affected by dangerous and violent crime, but the State of Colorado prohibits him from purchasing a firearm to defend himself or anyone at his home.

38. This prohibition is based on Mr. Alley's age (he is under the age of 21 but over the age of 18) and on his occupation (he works in a field other than military or law enforcement.)

39. Mr. Alley is one of "the people" Justice Alito and *Firearms Policy Coalition* spoke of, but not a "member of the militia," i.e., the military.

40. Banning young adults of specific ages from the right to keep and bear arms imposes a significant and unconstitutional burden on their Second Amendment rights. *See Jones v. Bonta*, No. 20-56174 (9th Cir. 2022).

41. The State must overcome the historical tradition standard recognized by *Bruen*, and it cannot do so. Since the State recognizes the right of adults 21 years of age and older to purchase firearms, it must prove that there is a historical tradition of the Second Amendment only applying to people who reach 21 years, and it cannot do so, as the Ninth Circuit asserted in *Jones*.

42. Additionally, since the State recognizes the right of military and law enforcement officers under the age of 21 to purchase firearms, it must prove that there is a historical tradition of the Second Amendment only applying to people in these professions, and it cannot do so.

### HB23-1219

43. CSSA represents seven identified members who are known survivors of domestic violence but need to remain anonymous for their protection at this time.

44. Even when a person escapes domestic violence, he or she can become at risk of violence again at any moment.

45. A domestic violence survivor has a constitutional right to defend herself or himself immediately.

46. Under HB23-1219, the State has removed domestic violence survivors' ability to immediately purchase a gun, even after they pass a clean background check. Instead, survivors must wait three days – three days they may not have – to gain the ability to defend themselves and any children they may have with a firearm.

47. The refusal to acknowledge survivors and victims that is inherent in HB23-1219 is, unfortunately, in line with a history of policy comments made by the majority party in control of the Colorado legislature, including a well-publicized comment made by then-Representative Joe Salazar who argued that women should not be allowed to defend themselves with firearms on college campuses because other security measures were sufficient. Specifically, he explained, "it's why we have whistles." Colorado GOP Wants Joe Salazar's Rape Comments Condemned, CBS Colorado, Feb. 19, 2013, *available at*: https://www.cbsnews.com/colorado/news/colorado-gop-want-joe-salazars-rape-comments-condemned/.

48. Additionally, HB23-1219 allows localities to extend the waiting period beyond three days, further endangering domestic violence survivors and any other Coloradan who is living under a real threat of physical violence or experiencing death threats.

49. HB23-1219 recognizes the need for exceptions and for some persons to have the ability to defend themselves with firearms, as it makes an exception for deploying military members to sell their firearms before leaving to family members – family members who may be in danger or under threat during the military member's deployment.

50. By recognizing an exception for the waiting period for some persons whose lives may be at risk but not for other persons, the State discriminates against at risk persons.

51. Even if the State did not give a waiting period exception to military members' families, it still has taken away the fundamental right to keep and bear arms from persons who may come under immediate danger of violence at any time: domestic violence survivors.

52. Furthermore, despite the lack of essential exceptions in HB23-1219, a three-day-waiting period that is imposed on any person who has passed a clean background check (whether they are a survivor of abuse or not) is not in keeping with the historical traditions of the Second Amendment as explained in *Bruen*.

53. HB23-1219 imposes a significant burden on the Second Amendment rights of Plaintiffs, and the State cannot meet its burden.

**FIRST CAUSE OF ACTION**

*Violation of 42 U.S.C. § 1983 and the Second and Fourteenth Amendments – Unconstitutional Taking of the Right to Keep and Bear Arms*

54. Plaintiff restates and incorporates by reference all previous allegations.

55. Plaintiffs' right to purchase firearms is protected under the Second and Fourteenth Amendments.

56. Plaintiffs' right is being infringed and taken by the State through SB23-169 and HB23-1219.

57. Plaintiffs' right to self-defense and to defend one's home and those inside it has been eliminated based on age and occupation and severely burdened by a waiting period with no exceptions.

58. The State cannot pass the *Bruen* test that must be applied to SB23-169 and to HB23-1219.

## SECOND CAUSE OF ACTION

*Violation of 42 U.S.C. § 1983 and the Fourteenth Amendment – Deprivation of Equal Protection*

59. Plaintiff restates and incorporates by reference all previous allegations.

60. Under SB23-169, the State has singled out only specific citizens to grant the full right to keep and bear arms to. It has barred young adults like Mr. Alley and other CSSA members from exercising the right at all for a period of years.

61. The State has continued to grant Second Amendment rights to military and law enforcement officers, but it has stripped it away from all other Coloradans until they are 21-years-old.

62. Under HB23-1219, the State has refused to make any exception to eliminate a waiting period for persons who are abuse survivors, under death threat, or who are in legitimate fear of their lives, thus completely removing their fundamental right to defend themselves.

63. The State has provided an exception to HB23-1219's waiting period only for military members to sell a firearm to their own family members whose lives may be in danger while the military member is overseas.

64. Under both new statutory provisions, the State has selectively taken away Second Amendment rights from certain persons but allowed others to retain them, thus creating a violation of Plaintiffs' Equal Protection.

### THIRD CAUSE OF ACTION

*Violation of Civil Rights*

65. Plaintiff restates and incorporates by reference all previous allegations.

66. Under color of state law, specifically SB23-169 and HB23-1219, Plaintiffs have been subjected to, are being subjected to, and will continue to be subjected to the sustained deprivation of their right to equal protection and their right to keep and bear arms, which are secured by the U.S. Constitution and are actionable under 28 U.S.C § 1983.

67. Because the State has violated Plaintiffs' civil rights, they are entitled to declaratory and injunctive relief.

### REQUEST FOR RELIEF

Unless restrained by this Court, Defendants will continue to deprive Plaintiffs and their members of their full and equal right to the Second Amendment. This deprivation is causing irreparable harm to these Coloradans who can no longer defend themselves, their homes, or their families as they have a constitutional right to do.

Wherefore, Plaintiffs respectfully pray that this Court:

1. Issue a declaratory judgment pursuant to 28 U.S.C. § 2201 that SB23-169 is unconstitutional on its face.

2. Issue a declaratory judgment pursuant to 28 U.S.C. § 2201 that HB23-1219 is unconstitutional both (1) on its face, and (2) as applied, as it provides no exceptions for domestic violence survivors, people under death threats, or for anyone whose life is at immediate risk.

3. Issue a permanent injunction against Defendants and any State officers, employees, or agents from enforcing either SB23-169 or HB23-1219;

4. Grant Plaintiffs the remedies under 42 U.S.C. § 1983 as well as all costs, expenses and reasonable attorneys' fees under 42 U.S.C. § 1988 and any other applicable law;

5. Grant any other relief or declarations this Court deems just and proper.

Respectfully submitted on this 7th day of August, 2023.

/s/ Kristine L. Brown
**Kristine L. Brown**
8700 E. Jefferson Ave. #370953
Denver, CO 80237
Telephone: 720-285-9552
E-mail: kristiburtonbrown@gmail.com

*Attorney for Plaintiffs*