IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-1998

COLORADO STATE SHOOTING
ASSOCIATION, TREVOR ALLEY, and
DANIEL FENLASON

    Plaintiffs

v.

JARED POLIS, Colorado Governor, in his
official capacity

    Defendant.

**MOTION FOR SUMMARY JUDGMENT**

    Plaintiffs Colorado State Shooting Association ("CSSA"), Trevor Alley ("Mr. Alley"), and Daniel Fenlason ("Mr. Fenlason") hereby bring this motion for summary judgment under Fed. R. Civ. P. 56. Plaintiffs will show that (1) that there is no genuine dispute as to any material fact and (2) that they are entitled to judgment as a matter of law on the claims against SB23-169 and HB23-1219.

    This case is (1) a constitutional challenge to SB23-169, which bans Plaintiff Mr. Alley and other CSSA members from purchasing a firearm in the State of Colorado based on their age and significantly interferes with Plaintiff CSSA's essential work with 18-20 year olds, and (2) a constitutional challenge to HB23-1219, which requires Plaintiff Mr. Fenlason and members of

Plaintiff CSSA who are survivors of domestic abuse to wait three days before purchasing a firearm, regardless of any imminent danger they are in. The reason for judgment in Plaintiff's favor is ultimately very simple and follows readily from this Court's recent decision in favor of a preliminary injunction in *RMGO v. Polis*, Case No. 1:23-cv-01077-PAB, and the U.S. Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* 142 S. Ct. 2111 (2022).

## CLAIMS UPON WHICH JUDGMENT IS SOUGHT

Plaintiffs are Entitled to Summary Judgment on All Claims: Claim Number One – Unconstitutional Taking of the Second Amendment Right to Keep and Bear Arms; Claim Number Two – Deprivation of Fourteenth Amendment Equal Protection; and Claim Number Three – Violation of Civil Rights.

### I. Undisputed Nature of Material Facts

No material fact is in genuine dispute. Plaintiffs must offer evidence that (i) they are [or organizationally represent] law-abiding citizens 18 years of age or older; (ii) they [or their members] have an intent to keep and bear arms; and (iii) state law on its face or as applied removes this right entirely or interferes with it significantly and unconstitutionally.

Plaintiffs Mr. Alley and Mr. Fenlason submit written declarations accompanying this motion, swearing to the accuracy of the facts concerning their age, their law-abiding status, and their intent to purchase a firearm, under the penalty of perjury.

SB23-169 states: "It is unlawful for a person who is less than twenty-one years of age to purchase a firearm." The effect of the law on Mr. Alley and other CSSA members between 18-20 years of age who are not in the military or law enforcement is not in dispute.

It is an undisputed fact that the State has taken away the right to purchase a firearm from certain persons in Colorado but allowed others to retain them.

The language of HB23-12919, including its lack of exceptions to the three-day waiting period for anyone in current physical danger, is plain on its face.

It is an undisputed fact that, as of October 1, 2023, HB23-1219 will ban Mr. Fenlason and CSSA's members who have survived domestic violence from purchasing a firearm prior to a three-day waiting period, even if their background checks come back clean, and even if they are in present danger of further domestic abuse or a threat to their lives – a danger which can become imminent for these survivors at any moment.

Plaintiff Mr. Fenlason submits an accompanying written declaration swearing to the accuracy of the fact that Plaintiff CSSA, of which he is the Executive Director, has at least seven identified members who are known to be survivors of domestic violence.

These members would have standing to sue in their own right for an injury under HB23-1219 but need anonymity for their health and safety. In *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013), the Court acknowledged that, for purposes of Article III standing, prior cases had not uniformly required literal certainty to constitute an injury, but that a certainly impending standard was sufficient. The threat of abuse is certainly impending for domestic violence survivors as long as their abuser is alive and in relative proximity to them, which is the case with several of CSSA's members.

Per *Summers v. Earth Island Inst.*, 555 U.S. 488 (2009), CSSA has, as an organizational plaintiff, "identif[ied] members who have suffered the requisite harm." *Id*. at 498-499.

Defendants are unable to dispute the composition of CSSA's membership, the existence of these domestic violence survivors, and the reality that any of the seven may, at any moment after this law takes effect, be placed in imminent danger.

Plaintiffs' challenge to SB23-169 is a facial challenge, and the wording of the law is both plain on its face and undisputed in its effect on Mr. Alley and CSSA's members.

Plaintiffs' challenge to HB23-1219 is a facial and an as applied challenge for CSSA's domestic violence survivor members, and the wording of the law is both plain on its face and undisputed by Defendants.

Both laws were created by the state, selectively applied, and are enforced under color of state law.

There is no issue of material fact to be determined at trial.

## II. Argument and Legal Authority

1. <u>SB23-169 is unconstitutional under *Bruen*.</u>

The right to purchase a firearm and use it for self-defense is well-recognized as a core constitutional right. Indeed, "the Second and Fourteenth Amendments protect the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense." *Bruen* at 2122. Also, "carrying handguns publicly for self-defense," is a Second Amendment right under *Bruen*, and *Heller* and *McDonald* ruled even before *Bruen* that the Second Amendment covers "possess[ing] a handgun in the home for self-defense." *Id*.

This Court has recognized that the appropriate test for applying the Second Amendment, as laid out in *Bruen,* is:

> "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then

> justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command." *Id*. at 2129-30 (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 n.10 (1961))."

*RMGO v. Polis*, Case No. 1:23-cv-01077-PAB, Docket No. 37 at 18.

> Furthermore, Chief Judge Brimmer wrote:
>
> "In order to determine whether the plain text of the Second Amendment covers a plaintiff's conduct, a court must determine whether plaintiff is "part of 'the people' whom the Second Amendment protects" and if the firearms at issue are "weapons 'in common use' today for self-defense." *Id*. at 2134 (quoting *Heller*, 554 U.S. at 580, 627). Next, a court determines whether the plaintiff's "proposed course of conduct" is protected by the plain text of the Second Amendment. *Id*. After determining that a plaintiff's conduct is covered, the burden shifts to the government to demonstrate that the challenged regulation is consistent with the Nation's historical tradition of firearm regulation. *Id*. at 2135."

*Id*. at 18-19.

Plaintiffs assert they are part of "the people" covered by the Second Amendment. "[O]rdinary, law-abiding, adult citizens—are part of 'the people' whom the Second Amendment protects." *See Bruen* at 2134. Plaintiffs Mr. Alley, Mr. Fenlason, and CSSA's members all fit this definition, and all seek to purchase firearms for self-defense purposes. Thus, Plaintiffs meet they test: they a) are included in "the people"; b) desire to purchase a common use weapon; and c) are proposing a course of conduct – purchasing a firearm for self-defense – that is plainly protected by the Second Amendment.

Under this Court's recent decision granting a preliminary injunction in *RMGO v. Polis*, Defendant could not demonstrate that SB23-169 is consistent with the Nation's historical tradition of firearm regulation. Chief Judge Brimmer wrote that "the Court finds that the Governor has not shown a 'historical tradition of firearm regulation,' *Bruen*, 142 S. Ct. at 2130,

of 18-to-20 year olds during the founding era…" *RMGO,* Docket No. 37 at 25. He continued, "The Court agrees with the Individual Plaintiffs that the Second Amendment includes the right to acquire firearms and, therefore, protects the Individual Plaintiffs' proposed conduct." *Id*. at 28.

Chief Judge Brimmer found "that the Individual Plaintiffs' proposed course of conduct, purchasing firearms for self-defense in the home, is covered by the plain text of the Second Amendment." *Id*. He ruled: "Under *Bruen*, the government must then 'justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.' 142 S. Ct. at 2130. … The Court finds that the Governor has failed to meet his burden to demonstrate that SB23-169 is consistent with the Nation's historical tradition of firearms regulation." *Id*. at 40.

Thus, because this Court has already determined that the Defendant cannot meet its burden under *Bruen* to demonstrate that SB23-169 is constitutional, SB23-169 fails as an unconstitutional taking of Plaintiffs' Second Amendment rights, as a matter of law.

2. <u>HB23-1219 is unconstitutional under *Bruen*, particularly as applied, but the application is so severe that the law should be permanently enjoined on its face.</u>

The Second Amendment preserves the right of citizens to bear arms and defend themselves, as discussed *supra*. HB23-1219 requires Plaintiffs who are domestic violence survivors to wait for three days before they may purchase a firearm to defend themselves. This is a waiting period during which the identified members represented by Plaintiff CSSA may find themselves injured or dead, with the constitutional ability to defend themselves taken away by Defendant.

Survivors of domestic violence do not know and cannot predict when the next threat to their lives will arise from their abuser. Thus, it is essential that these survivors are not banned from exercising their right to purchase a firearm or significantly delayed from doing so. A three-day delay – particularly when a clear background check has been achieved – may be life-ending for those suffering under domestic violence.

If any survivor member of Plaintiff CSSA suffers the immediate danger of violence on or after October 1, 2023, when HB23-1219 goes into effect, this member will not have the privilege of time to wait three days while Defendant withholds her right to purchase a gun or while temporary injunctive relief is attempted to be obtained from this Court. Plaintiff's members need a permanent injunction against HB23-1219 before it goes into effect, so that their right to purchase a firearm for self-defense is not interfered with.

Forcing Plaintiff's members to a) reveal their identities and b) wait until the exact moment of violence to bring a case could easily result in their deaths. As applied, with a complete lack of adequate exceptions, HB23-1219 is a severe limit on Plaintiffs' Second Amendment rights and, thus, should fail entirely.

Furthermore, under the *Bruen* test described *supra* and implemented by this Court in *RMGO v. Polis*, Case No. 1:23-cv-01077-PAB, HB23-1219 shares a similar fate as SB23-169, as there is no national historical tradition erasing the ability for at-risk members of society to defend themselves with firearms or forcing them to wait several days to exercise their constitutional right. Defendant cannot show that a waiting period, as applied against domestic violence survivors, or on its face – specifically after a clean background check – can survive the *Bruen* test.

3. <u>The remedy is simple.</u>

Because SB23-169 is clearly unconstitutional under *Bruen* and the Second Amendment, a permanent injunction against it is necessary. Because HB23-1219 imposes a severe limitation on Plaintiff's members right to bear arms and defend themselves at a personally dangerous moment in time, a permanent injunction against it is necessary. Plaintiffs' Motion for Summary Judgment on all claims should be granted.

## CONCLUSION

Because the facts are sufficient to establish Plaintiffs' claims and there is no genuine dispute as to any material fact, Plaintiffs are entitled to summary judgment.

Respectfully submitted on this 29th day of August, 2023.

/s/ Kristine L. Brown
***Kristine L. Brown***
8700 E. Jefferson Ave. #370953
Denver, CO 80237
Telephone: 720-285-9552
E-mail: kristiburtonbrown@gmail.com

*Attorney for Plaintiffs*
