IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01998-KAS

COLORADO STATE SHOOTING ASSOCIATION, et al.,

    Plaintiffs,

v.

JARED POLIS, Colorado Governor, in his official capacity,

    Defendant.

## DEFENDANT'S REPLY IN SUPPORT OF RULE 56(d) MOTION TO DENY PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT TO ALLOW DEFENDANT TO CONDUCT DISCOVERY

Colorado's democratically elected representatives enacted two gun safety laws earlier this year, one creating a three-day waiting period for gun purchases (HB 23-1219) and one raising the minimum age to purchase firearms to 21 (SB 23-169). Plaintiffs maintain that they are entitled to a permanent injunction against those laws on the basis of a nonexistent record, without having to establish their standing to challenge the laws, without the state being able to conduct any discovery, and without the Court having the full benefit of expert witnesses. They are mistaken. Because important facts need to be developed in this nascent litigation, the Court should grant the Governor's Rule 56(d) motion and deny Plaintiffs' premature motion for summary judgment.

Plaintiffs' response to the Governor's motion only underscores the undeveloped nature of the record and the impropriety of granting summary judgment at this early stage. Plaintiffs argue that "age is only an issue on Plaintiff Mr. Alley's challenge to SB 23-169," and that law is not challenged by the organizational plaintiff, Colorado State Shooting Association (CSSA). Doc. 13 at 2. Actually, Plaintiffs' own complaint shows that all Plaintiffs are challenging all laws. *See* Doc. 1 ¶ 60 ("Under SB 23-169, the State . . . has barred young adults like Mr. Alley and other CSSA members from exercising the right [to keep and bear arms] at all for a period of years."); ¶ 56 ("Plaintiffs' right is being infringed and taken by the State through SB 23-169 and HB 23-1219."). The fact that even Plaintiffs do not yet know which Plaintiffs are advancing which claims demonstrates that summary judgment should not be entertained on such a preliminary record.

Plaintiffs' response makes clear that the effects the waiting period law will have in the context of domestic abuse is central to their challenge. *See* Doc. 13 at 2-5. But Plaintiffs have no legal response to the Governor's assertion that he needs to conduct discovery on issues related to domestic abuse. For example, the legislative history of HB 21-1321 cites studies showing that waiting period laws reduce firearm homicides by approximately 17 percent, which could have profound impacts on domestic violence victims. *See* HB 21-1321, § 1(1)(f). Given the centrality of domestic violence to Plaintiffs' challenge to HB 21-1321, the Governor should be allowed to further develop such evidence before the Court enters a final judgment.

2

Similarly, the Governor pointed out that CSSA relies on unnamed members who are domestic violence survivors to support its standing here, but the Governor has not been able to determine whether those members establish CSSA's standing here. Plaintiffs express indignation at the idea that they and their members may be subject to discovery in this lawsuit that they brought. Doc. 13 at 4-5. Instead, Plaintiffs effectively ask the Governor and the Court to just take their word for it that there are domestic violence survivors in CSSA's membership whose ability to engage in self-defense will be injured by the three-day waiting period. But that is not how civil litigation works.[1] "[A] federal court can't 'assume' a plaintiff has demonstrated Article III standing in order to proceed to the merits of the underlying claim, regardless of the claim's significance." *Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 543 (10th Cir. 2016) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).

Indeed, the court in *Rocky Mountain Gun Owners v. Polis* recently denied a request to preliminarily enjoin the waiting period law precisely because the plaintiffs failed to come forward with evidence establishing their standing to bring a pre-enforcement challenge to the law. No. 23-cv-01076-PAB-NRN, 2023 WL

---

[1] The Governor of course will agree to reasonable protective orders and other steps necessary to protect sensitive information relating to any witness, plaintiff, or otherwise. *See* Fed. R. Civ. P. 26(c). Such protections are common in civil cases. But the mere fact that sensitive information may be necessary to determine whether Plaintiffs have standing to maintain this lawsuit does not preclude a defendant from seeking and obtaining the necessary discovery.

5017257, at *3-5 (D. Colo. Aug. 7, 2023). On the current undeveloped record, Plaintiffs' claims suffer the same deficiencies. And even if Plaintiffs had come forward with evidence of their standing, the Governor would be entitled to test the sufficiency of that evidence through discovery and potentially motions practice.

Next, Plaintiffs argue that *Bruen* does not impose a fact-based test, but rather one that can be decided as a matter of law without the development of a factual record. This argument suffers from at least two flaws. First, it is contrary to *Bruen* itself, which directs courts to "decide a case based on the historical record compiled by the parties," relying on "various evidentiary principles," including "the principle of party presentation." *Bruen*, 142 S. Ct. at 2130 n.6. Second, Plaintiffs have cited no examples of a case where the court granted summary judgment in a post-*Bruen* case without affording the parties an opportunity for discovery. Plaintiffs cite *Worth v. Harrington*, for example, but that case involved cross-motions for summary judgment, and the Court's order granting summary judgment there cited extensively to expert witnesses and the record developed by the parties. --- F. Supp. 3d ---, 2023 WL 2745673 (D. Minn. Mar. 31, 2023). So, too, with the other case cited by Plaintiffs. *See Firearms Policy Coal., Inc. v. McCraw*, 623 F. Supp. 3d 740, 754 n.8 (N.D. Tex. 2022) (deciding cross-motions for summary judgment "based on the historical record compiled by the parties").

Finally, Plaintiffs attempt to posture their premature motion for summary judgment as merely an effort at judicial efficiency. It is no such thing. As with many

4

Second Amendment challenges, in this district and elsewhere, this case may be appropriate for cross-motions for summary judgment. But as in those cases, that will first require the parties to develop a record to which the Court can apply the law. "Summary judgment is by no means an opportunity to short-circuit a robust discovery regime and railroad opposing parties." *AJG Packing, LLC v. Jeunesse, LLC*, No. 6:23-cv-4-PGB-EJK, 2023 WL 3751975, at *1 (M.D. Fla. Jan. 6, 2023). Plaintiffs' efforts to do so here should be rejected.[2]

## CONCLUSION

The Governor respectfully requests the Court grant his Rule 56(d) motion and deny Plaintiffs' motion for summary judgment without prejudice to refiling it after the parties have engaged in discovery.

---

[2] Plaintiffs offer no substantive response to the Governor's motion to stay summary judgment briefing pending the Court's resolution of this Rule 56(d) motion. Doc. 12. That motion should therefore be granted, or alternatively denied as moot if the Court grants this Rule 56(d) motion.

Respectfully submitted this 4th day of October, 2023,

        PHILIP J. WEISER
        Attorney General

        */s/ Michael T. Kotlarczyk*
        MICHAEL T. KOTLARCZYK, Senior Assistant
          Attorney General*
        GRANT T. SULLIVAN, Assistant Solicitor General*
        Public Officials Unit | State Services Section
        Ralph L. Carr Colorado Judicial Center
        1300 Broadway, 6th Floor
        Denver, CO 80203
        Telephone: 720.508.6187
        mike.kotlarczyk@coag.gov, grant.sullivan@coag.gov

        *Attorney for Defendant Jared Polis, Colorado*
          *Governor, in his official capacity*
        *Counsel of Record

## CERTIFICATE OF SERVICE

      I hereby certify that on October 4, 2023, I served a true and complete copy of the foregoing **DEFENDANT'S REPLY IN SUPPORT OF RULE 56(d) MOTION TO DENY PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT TO ALLOW DEFENDANT TO CONDUCT DISCOVERY,** upon all parties herein by e-filing with the CM/ECF system maintained by the court and/or email, addressed as follows:

Kristine L. Brown
8700 E Jefferson Ave #370953
Denver, CO 80237
kristiburtonbrown@gmail.com

*Attorney for Plaintiffs*

                                                */s/ Carmen Van Pelt*