IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01998-KAS

COLORADO STATE SHOOTING ASSOCIATION, et al.,
    Plaintiffs,

v.

JARED POLIS, Colorado Governor, in his official capacity,
    Defendant.

## DEFENDANT'S PARTIAL MOTION TO DISMISS
## UNDER FED. R. CIV. P. 12(b)(1)

Plaintiffs seek to permanently enjoin two newly enacted gun safety laws, one raising the minimum age to purchase firearms, the other imposing a three-day waiting period on commercial firearm sales. But when Plaintiffs brought this lawsuit, the waiting period law had not yet gone into effect. They therefore did not have standing to challenge it unless they were subject to a credible threat of prosecution under the law. None of them were. The waiting period law regulates only firearm sellers and imposes no penalties on purchasers like Plaintiffs. They therefore lack standing to bring a pre-enforcement challenge to the waiting period law and the Court lacks subject matter jurisdiction over those claims.

### CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 7.1

Magistrate Judge Starnella's practice standards require parties to confer "pursuant to D.C.Colo.LCivR 7.1 prior to filing a motion." That rule does not require

conferral for "a motion brought under Fed. R. Civ. P. 12." D.C.Colo.LCivR 7.1(b)(2). Accordingly, no conferral has taken place concerning this motion.

## BACKGROUND

In this lawsuit, three plaintiffs challenge two state laws: SB 23-169, raising the minimum age to purchase a firearm from 18 to 21, and HB 23-1219, creating a three-day waiting period before a commercial seller may deliver a firearm to a purchaser. HB 23-1219, which is codified at § 18-12-115 of the Colorado Revised Statutes, makes it unlawful "for any person who sells a firearm" to deliver it earlier than three days after the seller initiates a background check. Colo. Rev. Stat. § 18-12-115(1)(a). The law does not regulate purchasers. Plaintiffs claim the two laws violate their right to keep and bear arms under the Second Amendment and their right to equal protection under the Fourteenth Amendment. *See* Doc. 1 ¶¶ 54-67.

Plaintiffs here are:

- Trevor Alley, an individual between the ages of 18 and 21 who, according to the complaint, desires to purchase a firearm but cannot because of SB 23-169. *See id.* ¶¶ 19-21. The complaint does not contain any allegations concerning Mr. Alley and the waiting period law.

- Daniel Fenlason, the executive director of Colorado State Shooting Association (CSSA), who is over 21 and "desires to purchase additional firearms in the future . . . but he will be barred from doing so" without having to wait three days for delivery of his firearm. *See id.* ¶¶ 22-24.

2

- CSSA is the "official state association of the National Rifle Association." *Id.* ¶ 12. "CSSA brings this lawsuit on behalf of its abuse survivor members[.]" *Id.* ¶ 18.

This lawsuit was filed on August 7, 2023, the same day the minimum age limit law, SB 23-169, went into effect. But the new waiting period law, HB 23-1219, did not go into effect until October 1, nearly eight weeks after Plaintiffs filed their lawsuit. The lawsuit was thus a pre-enforcement challenge as to HB 23-1219.

Also on August 7, the U.S. District Court for the District of Colorado denied a motion for preliminary injunction in another case making a pre-enforcement challenge to the waiting period law. *See Rocky Mountain Gun Owners v. Polis*, No. 1:23-cv-01076-PAB-NRN, 2023 WL 5017257 (D. Colo. Aug. 7, 2023) ("*RMGO*"). In that case, which was also brought by an individual and organizational plaintiff, the Court held that neither plaintiff demonstrated "a current injury, or an imminent injury based on a credible threat of prosecution," so "plaintiffs have not shown they have standing to move to enjoin HB 23-1219 before it is enforced." *Id.* at *5.

## LEGAL STANDARD

A motion to dismiss because the plaintiff lacks standing is a challenge to the Court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Irvine v. I.C. Sys., Inc.*, 198 F. Supp. 3d 1232, 1235 (D. Colo. 2016). The plaintiff "bears the burden of establishing" standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). To do so, the plaintiff must establish an injury-in-fact—which is both "concrete and

3

particularized" and "actual or imminent"—causation, and redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). "[A] plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000).

A motion to dismiss for lack of subject matter jurisdiction can be a facial attack—which questions the sufficiency of the allegations in the complaint, taken as true—or a factual attack—which can consider matters outside the pleadings. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001). The Governor here brings only a facial attack.[1]

## ARGUMENT

Plaintiffs lack standing to challenge the waiting period law and their claims concerning that law should be dismissed. "[S]tanding is to be determined as of the commencement of the suit." *Lujan*, 504 U.S. at 570 n.5 (1992). Even if the original complaint is later amended, courts look to when the complaint is "first filed" when

---

[1] The Governor, sued here in his official capacity, enjoys 11th Amendment immunity from any claims for prospective relief because he does not "have a particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty." *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quotations omitted); *see also Ex parte Young*, 209 U.S. 123, 157 (1908). However, for the purpose of defending the statutes challenged in this lawsuit from Plaintiffs' claims for declaratory and injunctive relief, the Governor agrees to waive his sovereign immunity and consents to be sued in this Court, only in this case, only in his official capacity, and only for prospective relief. *See MCI Telecomms. Corp. v. Pub. Serv. Comm'n of Utah*, 216 F.3d 929, 935 (10th Cir. 2000) ("[A] state may waive its sovereign immunity by consenting to suit in federal court.").

4

assessing standing, not to subsequent events. *S. Utah Wilderness All. v. Palma*, 707 F.3d 1143, 1153 (10th Cir. 2013); *accord Rio Grande Found. v. Oliver*, 57 F.4th 1147, 1161 (10th Cir. 2023). This lawsuit was filed before the waiting period law went into effect. Therefore, for purposes of standing, it is a pre-enforcement challenge to the waiting period law.

In a narrow category of cases, a plaintiff who fears enforcement of a challenged law may seek pre-enforcement review, as Plaintiffs do here. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158-59 (2014) ("*SBA List*"). But to ensure that concreteness exists for such a claimed injury, plaintiffs must show "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by statute, and there exists a credible threat of prosecution thereunder." *Peck v. McCann*, 43 F.4th 1116, 1129 (10th Cir. 2022) (quotations omitted). Without a credible threat of prosecution, the mere presence of an unconstitutional statute "does not entitle anyone to sue, even if they allege an inhibiting effect on constitutionally protected conduct prohibited by the statute.'" *Mink v. Suthers*, 482 F.3d 1244, 1253 (10th Cir. 2007) (quotation omitted).

Here, none of the Plaintiffs can show a credible threat of prosecution existed against them on August 7. Plaintiff Fenlason "desires to lawfully purchase additional firearms in the future," Doc. 1 ¶ 24, but that does not establish any threat of prosecution under the waiting period law. The present case is indistinguishable from *RMGO*, and that Court's analysis is on all fours here.

> [Mr. Fenlason] intends to purchase a firearm. This conduct is not prohibited by HB 23-1219. HB 23-1219 makes it "unlawful for any person who sells a firearm . . . to deliver the firearm to the purchaser" before the expiration of the waiting period. [Mr. Fenlason] does not intend to sell a firearm. Plaintiffs make no claim that [Mr. Fenlason] could be prosecuted under § 18-12-115. Because there is no evidence in the record that [Mr. Fenlason] can be prosecuted under HB23-1219, [he] cannot show a credible threat of prosecution. . . . Plaintiffs have failed to meet their burden of demonstrating [Mr. Fenlason] has standing to challenge HB 23-1219 pre-enforcement.

*RMGO*, 2023 WL 5017257, at \*4 (internal citations omitted).

Though not entirely clear, it does not appear that Plaintiff Alley challenges the waiting period law. *See* Doc. 1 ¶¶ 19-21. To the extent he does, he lacks standing for the same reasons.

Finally, Plaintiff CSSA also lacks standing to bring a pre-enforcement challenge against the waiting period law. CSSA alleges that it "brings this lawsuit on behalf of its abuse survivor members." *Id.* ¶ 18. "An association has standing to bring suit on behalf of its members when its members would otherwise have standing to sue in their own right," among other requirements. *Friends of the Earth,* 528 U.S. at 181 (2000). But for the same reason Plaintiff Fenlason does not have standing to sue in his own right, the domestic abuse survivors who are allegedly members of CSSA would not have standing to bring a pre-enforcement challenge against the waiting period law, either. The complaint contains no allegations that any of those survivors are a "person who sells a firearm." Colo. Rev. Stat. § 18-12-115(1)(a). Therefore, none of those members face a credible threat of prosecution under the statute. And since those individuals would lack standing to have brought

6

this suit in their own right and CSSA brings suit on their behalf, CSSA also lacks standing.

## CONCLUSION

Plaintiffs lacked standing to challenge the waiting period law when they filed this lawsuit. Therefore, Plaintiffs' complaint should be dismissed as to its claims that the waiting period law violates the Second and Fourteenth Amendments.

Respectfully submitted this 17th day of October, 2023,

>PHILIP J. WEISER
>Attorney General
>
>*/s/ Michael T. Kotlarczyk*
>MICHAEL T. KOTLARCZYK, Senior Assistant
>  Attorney General*
>GRANT T. SULLIVAN, Assistant Solicitor General*
>Public Officials Unit | State Services Section
>Ralph L. Carr Colorado Judicial Center
>1300 Broadway, 6th Floor
>Denver, CO 80203
>Telephone:  720.508.6187 / 6349
>mike.kotlarczyk@coag.gov, grant.sullivan@coag.gov
>
>*Attorney for Defendant Jared Polis, Colorado*
>  *Governor, in his official capacity*
>*Counsel of Record

7

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2023, I served a true and complete copy of the foregoing **DEFENDANT'S PARTIAL MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1),** upon all parties herein by e-filing with the CM/ECF system maintained by the court and/or email, addressed as follows:

Kristine L. Brown
8700 E Jefferson Ave #370953
Denver, CO 80237
kristiburtonbrown@gmail.com

*Attorney for Plaintiffs*

*/s/ Carmen Van Pelt*