IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-1998-DDD

COLORADO STATE SHOOTING
ASSOCIATION, TREVOR ALLEY, and
DANIEL FENLASON

    Plaintiffs

v.

JARED POLIS, Colorado Governor, in his
official capacity

    Defendant.

## MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiffs Colorado State Shooting Association ("CSSA"), Trevor Alley ("Mr. Alley"), and Daniel Fenlason ("Mr. Fenlason") hereby bring this motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). Plaintiffs will show that the pleadings filed by Defendant demonstrate that they have not disputed or controverted a single material fact as to Plaintiffs' claims against SB23-169.

Plaintiffs respectfully submit that the application of controlling legal principles to the undisputed facts based on the pleadings mandates the conclusion that they are, as a matter of law, entitled to judgment in their favor on all claims against SB23-169. This is particularly appropriate because, even after asking for – and being granted – a seven day extension (Doc. 17)

to answer Plaintiff's Complaint – the only filing made by Defendant was a Partial Motion to Dismiss (Doc. 19) as to HB23-1219. In this Motion, Defendant mentioned SB23-169, but did not dispute a single material fact or answer any of Plaintiff's allegations as to SB23-169. This results in a conclusion that Defendant does not dispute any facts raised by Plaintiffs related to SB23-169, and all of Plaintiffs' facts must be accepted, revealing the lack of merit in the Defendant's filing as Defendant defaulted on his opportunity to answer the allegations in Plaintiffs' Complaint. Clearly, Defendant was aware of the Court's deadline for his answer because he asked for the extension and then filed a separate motion related to HB23-1219 on the deadline to file an answer, October 17, 2023.

        This case is (1) a constitutional challenge to SB23-169, which bans Plaintiff Mr. Alley and other CSSA members from purchasing a firearm in the State of Colorado based on their age and significantly interferes with Plaintiff CSSA's essential work with 18-20 year olds, and (2) a constitutional challenge to HB23-1219, which requires Plaintiff Mr. Fenlason and members of Plaintiff CSSA who are survivors of domestic abuse to wait three days before purchasing a firearm, regardless of any imminent danger they are in. Plaintiffs will address Defendant's Partial Motion to Dismiss on HB23-1219 in a separate response.

        The reason for judgment on the pleadings in Plaintiff's favor regarding SB23-169 also follows readily from this Court's recent decision and discussion of the law at issue in favor of a preliminary injunction in *RMGO v. Polis*, Case No. 1:23-cv-01077-PAB, as well as the U.S. Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* 142 S. Ct. 2111 (2022).

**CLAIMS UPON WHICH JUDGMENT IS SOUGHT**

Plaintiffs are Entitled to Judgment on the Pleadings on all claims: Claim Number One – Unconstitutional Taking of the Second Amendment Right to Keep and Bear Arms; Claim Number Two – Deprivation of Fourteenth Amendment Equal Protection; and Claim Number Three – Violation of Civil Rights.

**CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 7.1**

Parties are required to confer "pursuant to D.C.Colo.LCivR 7.1 prior to filing a motion." That rule does not require conferral for "a motion brought under Fed. R. Civ. P. 12." D.C.Colo.LCivR 7.1(b)(2). Accordingly, no conferral has taken place concerning this motion.

**I.   Standard on Motion for Judgment on the Pleadings**

"After the pleadings are closed…a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(3). "To obtain a judgment on the pleadings, the moving party must clearly establish that no material issue of fact remains unresolved and that it is entitled to judgment as a matter of law." *ThunderWave, Inc. v. Carnival Corp.*, 954 F. Supp. 1562, 1564 (S.D. Fla. 1997).

Judgment on the pleadings under Rule 12(c) is appropriate when there are no material facts in dispute, and judgment on the merits may be achieved by focusing on the content of the pleadings and any judicially noticed facts. *See Wuerz v. Wuerz*, 2021 Colo. Dist. LEXIS 49, *2 (citing *Fischer v. City of Colorado Springs*, 260 P.3d 331, 334 (Colo. App. 2010)). "[I]n considering a motion for judgment on the pleadings pursuant to C.R.C.P. 12(c), the trial court must construe the allegations in the pleadings strictly against the movant; must consider the allegations of the opposing parties' pleadings as true; and should not grant the motion unless the

pleadings themselves show that the matter can be determined on the pleadings." *Weurz* at *2 (citing *Redd Iron, Inc. v. Int'l Sales & Serv. Corp.*, 200 P.3d 1133, 1135 (Colo. App. 2008)). "The grant of a motion for judgment on the pleadings implies that the controlling law and undisputed facts permitted resolution of the entire matter without further discovery or introduction of evidence." *Wuerz* at *2-3 (citing *Fischer*, 260 P.3d at 334).

## II.   The Undisputed Nature of Material Facts

No material fact is in genuine dispute. Plaintiffs made this contention in their Motion for Summary Judgment (Doc. 7), which Defendant opposed. However, despite Defendant's assertion in Doc. 11 that he wanted to pursue discovery and therefore asked the Court to rule against the Motion for Summary Judgment, Defendant failed to do the most basic task of answering or disputing Plaintiff's allegations in an answer. Despite claiming that Plaintiffs "moved for summary judgment before discovery has opened and before the Governor has even answered the allegations in the complaint," the Governor then proceeded to not even answer the allegations in the Complaint. Doc. 11 at 1. Therefore, even construing the allegations in the most favorable light for the Defendants and strictly against Plaintiffs, there can now be no doubt that there is no material fact in genuine dispute. Defendants failed to contest, dispute, or controvert a single fact related to SB23-169 by failing to file an answer.

Despite arguing that Defendant needed "time to explore the factual bases for Plaintiffs' standing," (Doc. 11 at 6) and stating that "the Governor has not yet had an ability to challenge Plaintiffs' bare assertions," (Doc. 11 at 5) on September 14, 2023, the Governor still made no attempt to actually dispute Plaintiffs' standing or assertions by the extended deadline for his answer on October 17, 2023. Plaintiffs facts must now be accepted as true and accurate,

including the material facts that (i) they are [or organizationally represent] law-abiding citizens 18 years of age or older; (ii) they [or their members] have an intent to keep and bear arms; and (iii) state law on its face or as applied removes this right entirely or, at the least, interferes with it significantly and unconstitutionally.

SB23-169 states: "It is unlawful for a person who is less than twenty-one years of age to purchase a firearm." The effect of the law on Mr. Alley and other CSSA members between 18-20 years of age who are not in the military or law enforcement is not in dispute.

It is an undisputed fact that the State has taken away the right to purchase a firearm from certain persons in Colorado but allowed others to retain them.

Plaintiffs' challenge to SB23-169 is a facial challenge, and the wording of the law is both plain on its face and undisputed by Defendant in its effect on Mr. Alley and CSSA's members. The law was created by the state, selectively applied, and is enforced under color of state law.

Plaintiffs' claims regarding *Bruen* and the standard that should be applied to SB23-169 also went undisputed by Defendant. There is no issue of material fact regarding SB23-169 to be determined at trial, as Defendant did not dispute a single fact. The Governor should not be granted "the opportunity to retain experts and build the record" [Doc. 11 at 7] if he cannot even comply with the basics and provide an answer. With no facts disputed by Defendant, resolution of this entire matter without further discovery or introduction of evidence is possible and would save all parties and this Court unnecessarily protracted litigation.

### III.     Plaintiffs are Entitled to Judgment as a Matter of Law

Here, Plaintiffs will reassert the arguments they made in their Motion for Summary Judgment (Doc. 7) as to matters of law involved with SB23-169. With Defendant's failure to

answer any allegations concerning SB23-169, final judgment should now be entered on their behalf as a matter of law now that no facts are in dispute.

1. <u>SB23-169 is unconstitutional under *Bruen*.</u>

The right to purchase a firearm and use it for self-defense is well-recognized as a core constitutional right. Indeed, "the Second and Fourteenth Amendments protect the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense." *Bruen* at 2122. Also, "carrying handguns publicly for self-defense," is a Second Amendment right under *Bruen*, and *Heller* and *McDonald* ruled even before *Bruen* that the Second Amendment covers "possess[ing] a handgun in the home for self-defense." *Id*.

This Court has recognized that the appropriate test for applying the Second Amendment, as laid out in *Bruen,* is:

> "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command." *Id*. at 2129-30 (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 n.10 (1961))."

*RMGO v. Polis*, Case No. 1:23-cv-01077-PAB, Docket No. 37 at 18.

Furthermore, Chief Judge Brimmer wrote:

> "In order to determine whether the plain text of the Second Amendment covers a plaintiff's conduct, a court must determine whether plaintiff is "part of 'the people' whom the Second Amendment protects" and if the firearms at issue are "weapons 'in common use' today for self-defense." *Id.* at 2134 (quoting *Heller*, 554 U.S. at 580, 627). Next, a court determines whether the plaintiff's "proposed course of conduct" is protected by the plain text of the Second Amendment. *Id.* After determining that a plaintiff's conduct is covered, the burden shifts to the government to demonstrate that the challenged regulation is consistent with the Nation's historical tradition of firearm regulation. *Id.* at 2135."

*Id*. at 18-19.

Plaintiffs assert they are part of "the people" covered by the Second Amendment. "[O]rdinary, law-abiding, adult citizens—are part of 'the people' whom the Second Amendment protects." *See Bruen* at 2134. Plaintiffs Mr. Alley, Mr. Fenlason, and CSSA's members all fit this definition, and all seek to purchase firearms for self-defense purposes. Thus, Plaintiffs meet the test: they a) are included in "the people"; b) desire to purchase a common use weapon; and c) are proposing a course of conduct – purchasing a firearm for self-defense – that is plainly protected by the Second Amendment.

Under this Court's recent decision granting a preliminary injunction in *RMGO v. Polis*, Defendant could not demonstrate that SB23-169 is consistent with the Nation's historical tradition of firearm regulation. Chief Judge Brimmer wrote that "the Court finds that the Governor has not shown a 'historical tradition of firearm regulation,' *Bruen*, 142 S. Ct. at 2130, of 18-to-20 year olds during the founding era…" *RMGO*, Docket No. 37 at 25. He continued, "The Court agrees with the Individual Plaintiffs that the Second Amendment includes the right to acquire firearms and, therefore, protects the Individual Plaintiffs' proposed conduct." *Id*. at 28. The Governor did not even attempt to show historical tradition on his side in this present case, as he failed to answer or dispute Plaintiffs' allegations regarding the history involved. Asserting that he wants to conduct discovery to find an elusive record of history on his side in his response to Plaintiffs' Motion for Summary Judgment is not sufficient.

Chief Judge Brimmer found "that the Individual Plaintiffs' proposed course of conduct, purchasing firearms for self-defense in the home, is covered by the plain text of the Second Amendment." *Id*. He ruled: "Under *Bruen*, the government must then 'justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.' 142 S. Ct. at 2130. … The Court finds that the Governor has failed to meet his burden to

demonstrate that SB23-169 is consistent with the Nation's historical tradition of firearms regulation." *Id*. at 40.

Thus, because this Court has already determined that the Defendant cannot meet its burden under *Bruen* to demonstrate that SB23-169 is constitutional – and because Defendant failed to make a different (or any) argument in this case – SB23-169 fails as an unconstitutional taking of Plaintiffs' Second Amendment rights, as a matter of law.

2. <u>The remedy is simple.</u>

Because SB23-169 is clearly unconstitutional under *Bruen* and the Second Amendment, a permanent injunction and declarative relief is necessary. Plaintiffs' Motion for Judgment on the Pleadings on all claims related to SB23-169 should be granted, particularly because Defendant has failed to controvert any allegations in the complaint and therefore accepts them.

## CONCLUSION

Wherefore, on the basis of the foregoing, and based on the need to avoid unnecessarily protracted litigation and instead promptly resolve a dispute in which Defendants failed to contest a single fact, Plaintiffs respectfully request that the Court enter final judgment in its favor as to the Complaint filed against Defendant, along with all other and such further relief as this Court deems appropriate under the circumstances.

Respectfully submitted on this 24th day of October, 2023.

<u>/s/ Kristine L. Brown</u>
**Kristine L. Brown**
8700 E. Jefferson Ave. #370953
Denver, CO 80237
Telephone: 720-285-9552
E-mail: kristiburtonbrown@gmail.com

*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of October 2023, I served a true and complete copy of the forgoing MOTION FOR JUDGMENT ON THE PLEADINGS upon all parties herein by e-filing with the CM/ECF system maintained by the court and/or email, addressed as follows:

MICHAEL T. KOTLARCZYK
Senior Assistant Attorney General

GRANT T. SULLIVAN
Assistant Solicitor General
Public Officials Unit | State Services Section
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor
Denver, CO 80203
Telephone: 720.508.6187 / 6349
mike.kotlarczyk@coag.gov
grant.sullivan@coag.gov

*Attorneys for Defendant Jared Polis, Colorado Governor, in his official capacity*

/s/ Kristine L. Brown