IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action No. 1:23-cv-01998-DDD-KAS

COLORADO STATE SHOOTING ASSOCIATION;
TREVOR ALLEY; and
DANIEL FENLASON,

      Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Colorado Governor,

      Defendant.

---

## ORDER TO SHOW CAUSE

---

The plaintiffs filed this suit on August 7, 2023 challenging two recently enacted Colorado gun laws: (1) SB 23-169 (codified at Colo. Rev. Stat. § 18-12-112), which prohibits individuals between the ages of eighteen and twenty-one from purchasing firearms; and (2) HB 23-1219 (codified at Colo. Rev. Stat. § 18-12-115), which imposes a three-day waiting period before a firearms seller may deliver a firearm to a purchaser after initiating a background check. Doc. 1. The plaintiffs contend both laws violate the Second Amendment and the Equal Protection Clause of the Fourteenth Amendment. *See id.* Also pending in this District are two other cases filed by different plaintiffs challenging the same two Colorado gun laws on Second Amendment grounds: (1) *Rocky Mountain Gun Owners v. Polis* (*Rocky Mountain II*), No. 1:23-cv-01077-PAB-NRN (D. Colo. filed Apr. 28, 2023), which challenges the age restriction; and (2) *Rocky Mountain Gun Owners v. Polis* (*Rocky Mountain III*), No. 1:23-cv-02563-JLK (D. Colo. filed Oct. 1, 2023), which challenges the three-day waiting period. Because those cases present issues

substantially similar to the issues presented in this case, the plaintiffs are ordered to show cause on or before November 16, 2023 why this case should not be stayed pending disposition of *Rocky Mountain II* and *Rocky Mountain III*.

### STAYING DUPLICATIVE SUITS

A district court may stay a suit that is duplicative of another federal-court suit in order to conserve judicial resources. *See Rosiere v. United States*, 650 F. App'x 593, 595 (10th Cir. 2016); *Park v. TD Ameritrade Tr. Co.*, 461 F. App'x 753, 755 (10th Cir. 2012); *Michels v. U.S. Dep't of Just.*, No. 21-cv-01737-WJM-NRN, 2021 WL 8153753, at *2 (D. Colo. Nov. 30, 2021) (R. & R.), *adopted by* 2021 WL 8153755 (D. Colo. Dec. 16, 2021). "In general, 'a suit is duplicative if the claims, parties, and available relief do not *significantly* differ between the two actions.'" *Michels*, 2021 WL 8153753, at *2.

Such is the case here. This case, *Rocky Mountain II*, and *Rocky Mountain III* each involve Second Amendment challenges to SB 23-169 and/or HB 23-1219. The defendant is the same in all three cases. And the relief requested in all three cases is a declaration that the laws at issue are unconstitutional and a permanent injunction against their enforcement. *See* Doc. 1 at 11-12; *Rocky Mountain II*, No. 1:23-cv-01077-PAB-NRN, ECF No. 9 at 6-7; *Rocky Mountain III*, No. 1:23-cv-02563-JLK, ECF No. 1 at 7-8.

Allowing this case to proceed when there are other pending cases addressing identical or near-identical issues would be a waste of the Court's time and effort, and judicial economy is better served in letting *Rocky Mountain II* and *Rocky Mountain III* proceed while this case is stayed. Those cases are further along than this one, which is in its early stages. *Rocky Mountain II* was filed first, and a preliminary injunction

and scheduling order have been entered. *See* No. 1:23-cv-01077-PAB-NRN, ECF Nos. 37, 55. Although *Rocky Mountain III* was filed after this case, its later filing date obviates a standing hurdle that may bar the plaintiffs' waiting-period claims in this case, *see* Doc. 19,[1] and preliminary-injunction briefing has been completed with a hearing scheduled to take place today, *see* No. 1:23-cv-02563-JLK, ECF Nos. 11, 15. In these circumstances, it does not appear that the plaintiffs here would be significantly burdened or prejudiced if this case is stayed. Indeed, the primary relief they seek may be granted in *Rocky Mountain II* and/or *Rocky Mountain III*.[2] And to the extent the plaintiffs here believe their interests are not adequately represented by the plaintiffs in *Rocky Mountain II* and/or *Rocky Mountain III*, they may seek to intervene or file amicus briefs in those cases. *See* Fed. R. Civ. P. 24; *Medina v. Catholic Health Initiatives*, No. 1:13-cv-01249-REB-KLM, 2015 WL 13683647 (D. Colo. Oct. 7, 2015).

Accordingly, the plaintiffs must show cause on or before November 16, 2023 why this case should not be administratively closed pending disposition of *Rocky Mountain II* and *Rocky Mountain III*.

---

[1]    *Rocky Mountain III* was originally filed as *Rocky Mountain Gun Owners v. Polis* (*Rocky Mountain I*), No. 1:23-cv-01076-PAB-NRN (D. Colo. filed Apr. 28, 2023). In *Rocky Mountain I*, Chief Judge Philip A. Brimmer found that the plaintiffs lacked standing because the suit was filed before HB 23-1219 took effect. No. 1:23-cv-01076-PAB-NRN, ECF No. 25. The plaintiffs voluntarily dismissed that suit, *id.*, ECF No. 27, and refiled *Rocky Mountain III* on October 1, 2023, the date the three-day waiting period went into effect.

[2]    As noted, in *Rocky Mountain II*, Chief Judge Brimmer has already preliminarily enjoined Governor Polis from enforcing the age restriction, and in *Rocky Mountain III*, Judge John L. Kane is currently considering the plaintiffs' request to preliminarily enjoin enforcement of the three-day waiting period. The plaintiffs in this case have not moved for a preliminary injunction.

*See Michels*, 2021 WL 8153753, at *4 (administrative closure is "the practical equivalent of a stay" and is routinely employed when a case would otherwise be stayed for an indefinite period of time).

## PENDING MOTIONS

The plaintiffs have filed an early motion for summary judgment, Doc. 7, and a motion for judgment on the pleadings, Doc. 24.

## I.  Motion for Summary Judgement

The defendant opposes the summary-judgment motion pursuant to Federal Rule of Civil Procedure 56(d), and requests that the motion be denied without prejudice to refiling after the parties have engaged in discovery. Doc. 11. This request is well-taken.

Rule 56(d) allows a court to deny or defer ruling on a motion for summary judgment if the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Rule 56(d) is designed to "safeguard[] against an improvident or premature grant of summary judgment." *Helget v. City of Hays*, 844 F.3d 1216, 1226 (10th Cir. 2017) (quoting 10B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2740 (3d ed.)). A Rule 56(d) motion "should ordinarily be treated liberally," and summary judgment should be refused "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Hamric v. Wilderness Expeditions, Inc.*, 6 F.4th 1108, 1119 (10th Cir. 2021) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). Summary judgment motions filed prior to discovery are disfavored and are rarely granted. *Aragon v. Collings*, No. 2:18-cv-00620, 2022 WL 1693785, at *2 (D. Utah Apr. 25, 2022) (pre-discovery summary-judgment motions are "granted only in the clearest of cases"); *see*

*also Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303-04 (2d Cir. 2003) ("Only in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery.").

In this case, the defendant has not yet filed an answer to the plaintiffs' complaint, no scheduling conference has been conducted or scheduling order entered, and the plaintiffs filed their summary-judgment motion before discovery opened. The defendant has filed a declaration stating that he seeks discovery as to specific facts bearing on whether the plaintiffs have standing to assert their claims, as well as an opportunity to gather expert testimony and historical facts regarding the United States' tradition of firearm regulation as it relates to the plaintiffs' Second Amendment challenges. Doc. 11-1. At this early stage of the case, this is sufficient to meet the requirements of Rule 56(d) and justify denial of the plaintiffs' summary-judgment motion without prejudice to refiling after the parties have had an opportunity to conduct discovery. *Cf. Robinson v. TransUnion*, No. 1:17-cv-01422-LTB, 2017 WL 6945042, at *1 (D. Colo. Sept. 21, 2017) (striking summary-judgment motion as premature because "[t]his entire action is relatively new, the scheduling conference having not yet occurred nor any discovery proceedings"); *Waters v. AXL Charter Sch.*, No. 12-cv-01384-LTB, 2013 WL 856524, at *8 (D. Colo. Mar. 7, 2013) (granting Rule 56(d) motion where summary-judgment motion was filed before answer to complaint and prior to any exchange of discovery).

## II. Motion for Judgment on the Pleadings

The plaintiffs' motion for judgment on the pleadings must also be denied as premature. Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are

closed," but the pleadings in this case have not yet closed. Although the defendant has filed a partial motion to dismiss the plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(1), Doc. 19, he has not yet filed an answer. A "plaintiff cannot move under Rule 12(c) until after an answer has been filed." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d ed.). The pleadings are not considered closed while a Rule 12 motion to dismiss is pending because the defendant must file an answer if the motion to dismiss is denied. *State Farm Fire & Cas. Co. v. Spradling Home Inspections, LLC*, No. 4:10-CV-01887NAB, 2011 WL 4056042, at *1 to *3 (E.D. Mo. Sept. 13, 2011) (collecting cases). The plaintiffs' motion for judgment on the pleadings is therefore premature under the plain language of Rule 12(c).

## CONCLUSION

It is **ORDERED** that the plaintiffs must **SHOW CAUSE** on or before November 16, 2023 why this case should not be administratively closed pending disposition of *Rocky Mountain Gun Owners v. Polis*, No. 1:23-cv-01077-PAB-NRN (D. Colo. filed Apr. 28, 2023) and *Rocky Mountain Gun Owners v. Polis*, No. 1:23-cv-02563-JLK (D. Colo. filed Oct. 1, 2023).

It is **FURTHER ORDERED** that:

Defendant's Rule 56(d) Motion to Deny Plaintiffs' Motion for Summary Judgment to Allow Defendant to Conduct Discovery, **Doc. 11**, is **GRANTED**; and

Plaintiffs' Motion for Summary Judgment, **Doc. 7**, and Motion for Judgment on the Pleadings, **Doc. 24**, are **DENIED WITHOUT PREJUDICE**.

DATED: October 26, 2023                    BY THE COURT:

                                           ̶D̶a̶n̶i̶e̶l̶ D. Domenico
                                           United States District Judge