IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action No. 1:23-cv-01998-DDD-KAS

COLORADO STATE SHOOTING ASSOCIATION;
TREVOR ALLEY; and
DANIEL FENLASON,

   Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Colorado Governor,

   Defendant.

---

**ORDER STAYING CASE**

---

The plaintiffs filed this suit on August 7, 2023 challenging two recently enacted Colorado gun laws: (1) SB 23-169 (codified at Colo. Rev. Stat. § 18-12-112), which prohibits individuals between the ages of eighteen and twenty-one from purchasing firearms; and (2) HB 23-1219 (codified at Colo. Rev. Stat. § 18-12-115), which imposes a three-day waiting period before a firearms seller may deliver a firearm to a purchaser after initiating a background check. Doc. 1. The plaintiffs contend both laws violate the Second Amendment and the Equal Protection Clause of the Fourteenth Amendment. *See id.* Also pending in this District are two other cases filed by different plaintiffs challenging the same two Colorado gun laws on Second Amendment grounds: (1) *Rocky Mountain Gun Owners v. Polis* (*Rocky Mountain II*), No. 1:23-cv-01077-PAB-NRN (D. Colo. filed Apr. 28, 2023), which challenges the age restriction; and (2) *Rocky Mountain Gun Owners v. Polis* (*Rocky Mountain III*), No. 1:23-cv-02563-JLK (D. Colo. filed Oct. 1, 2023), which challenges the three-day waiting period. Because those cases present issues

- 1 -

substantially similar to the issues presented in this case, the court ordered the plaintiffs to show cause why this case should not be stayed pending disposition of *Rocky Mountain II* and *Rocky Mountain III*. Doc. 26. Plaintiffs responded, and Defendant also filed a response at the court's request. Docs. 28, 29, 30.

## STAYING DUPLICATIVE SUITS

A district court may stay a suit that is duplicative of another federal-court suit in order to conserve judicial resources. *See Rosiere v. United States*, 650 F. App'x 593, 595 (10th Cir. 2016); *Park v. TD Ameritrade Tr. Co.*, 461 F. App'x 753, 755 (10th Cir. 2012); *Michels v. U.S. Dep't of Just.*, No. 21-cv-01737-WJM-NRN, 2021 WL 8153753, at *2 (D. Colo. Nov. 30, 2021) (R. & R.), *adopted by* 2021 WL 8153755 (D. Colo. Dec. 16, 2021). "In general, 'a suit is duplicative if the claims, parties, and available relief do not *significantly* differ between the two actions.'" *Michels*, 2021 WL 8153753, at *2.

Such is the case here. This case, *Rocky Mountain II*, and *Rocky Mountain III* each involve Second Amendment challenges to SB 23-169 and/or HB 23-1219. The defendant is the same in all three cases. And the relief requested in all three cases is a declaration that the laws at issue are unconstitutional and a permanent injunction against their enforcement. *See* Doc. 1 at 11-12; *Rocky Mountain II*, No. 1:23-cv-01077-PAB-NRN, ECF No. 9 at 6-7; *Rocky Mountain III*, No. 1:23-cv-02563-JLK, ECF No. 1 at 7-8.

Allowing this case to proceed when there are other pending cases addressing identical or near-identical issues would be a waste of the Court's time and effort, and judicial economy is better served in letting *Rocky Mountain II* and *Rocky Mountain III* proceed while this case is stayed. Those cases are further along than this one, *Rocky Mountain II*

was filed first, and a preliminary injunction and scheduling order have been entered. *See* No. 1:23-cv-01077-PAB-NRN, ECF Nos. 37, 55. The preliminary-injunction order in that case has been appealed. No. 1:23-cv-01077-PAB-NRN, ECF Nos. 41, 46. The court in *Rocky Mountain III* denied a motion for preliminary injunction on November 13, 2023, *see* No. 1:23-cv-02563-JLK, ECF No. 32. That order, too, has been appealed. No. 1:23-cv-02563-JLK, ECF Nos. 34–37.

In these circumstances, it does not appear that the plaintiffs here would be significantly burdened or prejudiced if this case is stayed. Indeed, the primary relief they seek has been granted in *Rocky Mountain II* and is being litigated on appeal for purposes of *Rocky Mountain III*.[1] And to the extent the plaintiffs here believe their interests are not adequately represented by the plaintiffs in *Rocky Mountain II* and/or *Rocky Mountain III*, they have had the opportunity to intervene or file amicus briefs in those cases. *See* Fed. R. Civ. P. 24; *Medina v. Catholic Health Initiatives*, No. 1:13-cv-01249-REB-KLM, 2015 WL 13683647 (D. Colo. Oct. 7, 2015).

Plaintiffs' responses to the order to show cause are not sufficient to avoid a stay here. Plaintiffs first argue that they have "more solid standing" than the organizational plaintiff in *Rocky Mountain II*. Doc. 28 at 2. While Judge Brimmer found that the one organizational plaintiff in *Rocky Mountain II* lacked standing for purposes of the plaintiffs' preliminary injunction motion, he nevertheless found that the two individual plaintiffs had standing and granted the preliminary injunction. No.

---

[1]  As noted, in *Rocky Mountain II*, Chief Judge Brimmer has already preliminarily enjoined Governor Polis from enforcing the age restriction, and in *Rocky Mountain III*, Judge John L. Kan's order denying preliminary injunctive relief is on appeal. The plaintiffs in this case have not moved for a preliminary injunction.

- 3 -

1:23-cv-01077-PAB-NRN, ECF No. 37 at 11–15. And Judge Brimmer's order appeared to enjoin the state from enforcing SB23-169 as to everyone, not just those plaintiffs who had standing. *Id.* at 43–44. Any alleged "superior" standing in this case therefore seems to have little if any bearing on whether this case should be stayed pending resolution of that case.

Next, Plaintiffs argue that they were "first in line" in challenging the waiting period law addressed in *Rocky Mountain III*. Doc. 28 at 3–5. In particular, Plaintiffs argue that Colorado State Shooting Association represents victims of domestic violence who have a superior claim to standing than plaintiffs in *Rocky Mountain III*. But Judge Kane, like Judge Brimmer, found that at least one plaintiff had standing in that case and declined to make an explicit finding as to organizational standing for a different plaintiff. No. 1:23-cv-02563-JLK, ECF No. 32 at 6–7. Staying this case, therefore, would not delay resolution of the central merits issues currently being litigated on appeal in *Rocky Mountain III*.

Finally, Plaintiffs note that they challenge both aspects of the challenged law in a single case while the law is being litigated piecemeal in *Rocky Mountain II* and *Rocky Mountain III*. Doc. 28 at 5–6. While true, the combination of those two cases addresses both aspects of the law at issue here. And re-litigating the same issues covered in those two cases in a third would not conserve judicial resources. Judge Kane and Judge Brimmer each devoted substantial resources to resolving the preliminary injunction motions in each of their cases and wrote thorough, thoughtful orders addressing the merits of the same issues that would govern this case. Both of those orders are on appeal to the Tenth Circuit, and any resulting order from the Tenth Circuit will bind this court. A stay is therefore appropriate here to avoid wasteful litigation over legal issues likely to be resolved by the Tenth Circuit in due course.

The court also notes that Defendant has raised standing issues casting doubt on the court's subject matter jurisdiction over one of the claims in this case regarding the waiting period law, but not the age limit law. Doc. 19 (Partial Motion to Dismiss). Despite this, the government asks the court to stay the case at this time. Doc. 30 at 8. The court need not resolve this standing issue now before staying the case for two reasons. First, Defendant does not currently challenge the court's subject matter jurisdiction to hear Plaintiff's challenge to the age limit law. And, in any event, the court has the power to stay a case pending resolution of jurisdictional matters. *Nicolas v. Barr*, 2020 WL 3868497, at *3 (S.D. Cal. July 9, 2020) ("It is well-settled that a court has jurisdiction to determine its own jurisdiction, and may stay a matter in order to do so.")

## CONCLUSION

It is **ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending disposition of *Rocky Mountain Gun Owners v. Polis*, No. 1:23-cv-01077-PAB-NRN (D. Colo. filed Apr. 28, 2023) and *Rocky Mountain Gun Owners v. Polis*, No. 1:23-cv-02563-JLK (D. Colo. filed Oct. 1, 2023) or a further order of the court re-opening the case.

It is **FURTHER ORDERED** that:

The parties must file a status report within thirty days of any significant developments in *Rocky Mountain II* and/or *Rocky Mountain III*, including any Tenth Circuit orders addressing the substantive legal issues in those cases; and

Defendant's Partial Motion to Dismiss, **Doc. 19**, is **DENIED WITHOUT PREJUDICE** with leave to refile if and when this case is re-opened.

DATED: December 27, 2023        BY THE COURT:

~~Daniel D.~~ Domenico
United States District Judge

- 6 -